UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARRYL BLOCKTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 1:19-CV-174 HEA |
| | ) |
| JASON LEWIS, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Darryl Blockton for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition will be denied.

**Petitioner's Criminal Background**

On October 5, 1984, a jury in the Circuit Court of St. Louis County, Missouri, convicted petitioner of five counts of forcible rape, and one count of kidnapping. On December 3, 1984, petitioner was sentenced as a prior offender to a term of life imprisonment on Count I of forcible rape; three concurrent terms of seventy-five years' imprisonment on Counts II-IV of forcible rape; and a concurrent term of fifteen years' imprisonment on Count V of forcible rape. In addition, petitioner was sentenced to a term of fifteen years' imprisonment on the kidnapping conviction; the sentence to be served consecutively to the other sentences. *State v. Blockton*, No. 21CCR-505285 (St. Louis County Court, 21st Judicial Circuit).

The Missouri Court of Appeals affirmed petitioner's conviction. However, on the State's cross-appeal, the Court of Appeals found that the imposition of concurrent sentences for each forcible rape conviction was contrary to the mandate of Mo.Rev.Stat. § 558.026 inasmuch as the statute requires consecutive sentences for sex crimes. The Court of Appeals thus vacated

petitioner's concurrent sentences and remanded the cause to the trial court for resentencing of petitioner to consecutive terms of imprisonment on petitioner's five convictions of forcible rape.

In accordance with the mandate of the Court of Appeals, the trial court resentenced petitioner as to the forcible rape conviction to a term of life imprisonment, three terms of seventy-five years' imprisonment, and a term of fifteen years' imprisonment; the sentences to be served consecutively. In addition, the court resentenced petitioner to a concurrent term of fifteen years' imprisonment on the kidnapping conviction. The resentencing was affirmed by the Missouri Court of Appeals.

Petitioner filed a motion for post-conviction relief, which was granted to the extent it related to petitioner's sentence. *See Blockton v. State*, No. 21571527 (21st Judicial Circuit, St. Louis County). Thereafter, petitioner was resentenced to five consecutive terms of fifteen years' imprisonment for each of the five convictions of forcible rape, and a concurrent term of fifteen years' imprisonment for the kidnapping conviction. Petitioner did not appeal or seek further relief from this resentencing.

Petitioner, however, did file a petition for writ of habeas corpus pursuant to 28 U.S. C. § 2254 on July 21, 1993. *Blockton v. Groose*, No. 4:93-CV-1652 DJS (E.D.Mo.). In his application for writ, petitioner brought two claims for relief. He asserted that his conviction and sentence violated the equal protection guarantees of the Fourteenth Amendment because it allowed for different sentences for similarly situated individuals. Additionally, he asserted that the Missouri Court of Appeals vindictively remanded petitioner's case so that petitioner could be resentenced to consecutive sentences and thus his due process rights were violated.

2

On November 25, 1996, the Honorable Donald J. Stohr adopted the Report and Recommendation of Magistrate Judge Frederick R. Buckles, finding that petitioner had procedurally defaulted claim one and claim two was subject to dismissal on the merits. *Id.*

### The Allegations Relative to the Instant Petition

On March 22, 2018, petitioner filed an application for writ of habeas corpus in the Circuit Court of Mississippi County challenging the denial of parole and conditional release. *Blockton v. Missouri Board of Probation and Parole,* No. 18MI-CV0136 (33rd Judicial Circuit, Mississippi County Court). The petition asserted that: (1) his right to parole and conditional release was mandatory; (2) the failure of the Board to release petitioner was a violation of his due process and equal protection rights; (3) he had been kicked out of the Missouri Sexual Offender Treatment Program ("MOSOP") due to a conduct violation, which was unconstitutional; (4) application of later rules regarding sex offenders to petitioner was a violation of ex post facto provisions; (5) the imposition of imprisonment without the possibility of parole constituted cruel and unusual punishment in violation of the Eighth Amendment; and (6) the Board's review was arbitrary and capricious.

The Circuit Court of Mississippi County transferred the petition to the Circuit Court of Cole County on March 23, 2019, for improper venue. *Blockton v. Missouri Board of Probation and Parole*, No. 18MI-CC00112 (19th Judicial Circuit, Cole County Court). On August 17, 2018, the Court denied petitioner's application for writ of habeas corpus, finding that petitioner had no liberty interest in conditional release or parole. *See State ex rel. Cavallaro v. Groose*, 908 S.W.2d 133 (Mo. banc 1995). Additionally, as petitioner conceded that he failed to complete the MOSOP program, this was a proper basis to cancel the parole date. Mo.Rev.Stat. § 589.040. The Court additionally rejected petitioner's argument that the conditional release statute was being

3

unlawfully applied to him in an ex post factor manner. *See, e.g., Reynolds v. Missouri Board of Probation and Parole*, 468 S.W.3d 413 (Mo. Ct. App. 2015). The Court found that because proceedings in which sex offenders' conditional release dates are extended due to their failure to complete MOSOP programs are civil in nature, they do not implicate ex post facto laws.[1]

On November 20, 2018, petitioner filed a second application for writ of habeas corpus in the Circuit Court of Mississippi County. *Blockton v. Lewis*, No. 18MI-CV00691 (33rd Judicial Circuit, Mississippi Circuit Court). Petitioner's application for relief in Mississippi County mirrors the habeas application filed in the instant action.

First, petitioner alleged that the sentencing court erred in sentencing petitioner to the same term of years on remand from the Court of Appeals, except giving petitioner a consecutive sentence. Second, petitioner asserted in his petition in Mississippi County that it was improper for the Missouri Board of Probation and Parole to deny his conditional release date after he failed the MOSOP program. Petitioner asserted he only had to attempt to complete it, and it was not his fault he "flunked out" of the program on a conduct violation. Moreover, he asserted that the Board cannot initially defer conditional release terms on consecutive sentences and then take that deferment away when one fails to complete the MOSOP treatment program.

The Court denied petitioner's application for relief on March 27, 2019. As to petitioner's first allegation, the Court found that it was unable to overrule the Court of Appeals mandate, noting that the matter had already been fully litigated by petitioner, including and up through, federal habeas relief. As to petitioner's second point, the Court found that it was proper for the Missouri Board of Probation and Parole to extend conditional release dates for failure to complete the MOSOP program in cases where the offense occurred before this was made

---

[1] Petitioner attempted to appeal the denial of his application for writ. *Blockton v. Missouri Board of Probation and Parole*, No. WD82137. The Court denied petitioner's motion for leave to appeal out of time, finding that an appeal does not lie from the denial of a petition for writ of habeas corpus.

4

mandatory by statute. *See* Mo.Rev.Stat. §§ 558.011.5, 589.040.1; *Bantle v. Missouri Board of Probation and Parole*, 256 S.W.3d 205 (Mo. App. W.D. 2008). Additionally, the Court held that the Board was able to defer the conditional release terms from multiple consecutive sentences to the end of the aggregate sentence.

On July 9, 2019, petitioner filed a third application for writ of habeas corpus in the Southern District Court of Appeals. *In re: Darryl Blockton*, No. SD36193. In his petition for writ, petitioner filed the same petition he filed in the present action. The Court of Appeals denied petitioner's application for writ summarily on August 23, 2019.

## Discussion

Petitioner asserts that the Board of Probation and Parole initially gave him a presumed release date of December 29, 2014, assuming that he would complete the Missouri Sexual Offender Program ("MOSOP"). He asserts that he had "a legitimate expectation under the law to be provided the Sex Offender Treatment Program." And he claims that the denial of his conditional release date under MOSOP is a denial of his due process rights.[2]

Petitioner admits that he was given a conduct violation in the MOSOP program, and thus, he was released from MOSOP without completing the program. Because of his failure to complete the program, he is ineligible for conditional release, and it cannot be said he was denied a due process right. Mo.Rev.Stat. 589.040; *Reynolds v. Missouri Bd. of Probation and Parole,* 468 S.W.3d 413 (Mo.Ct.App.2015).[3]

---

[2] To the extent that petitioner is asserting that he has a greater liberty interest in parole because of his consecutive parole release date as compared to other inmates' who have a concurrent parole release date, his argument is ineffective. The question remains whether he has an expectancy of release that is entitled to some measure of constitutional protection. Unfortunately, because parole in discretionary in Missouri, he has no such expectancy. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979).

[3] Missouri law requires those convicted of sexual offenses to complete MOSOP in order to be eligible for parole. To the extent petitioner asserts that this is an ex post facto requirement as applied to him, he is mistaken. *See Reynolds v. Missouri Bd. of Probation and Parole,* 468 S.W.3d 413 (Mo.Ct.App. 2015). Ex post facto laws affect only

"The [Missouri Board of Probation and Parole] always has retained plenary discretion as to whether to issue a conditional release date. The Board's consideration of granting conditional release to any of the inmates [is] a mere possibility, nothing more. It is insufficient to support a claim for the creation of a disability." *Rentschler v. Nixon*, 311 S.W.3d 783, 788–89 (Mo. banc 2010) (emphasis in original). Therefore, petitioner's claims regarding the denial of time credit release or conditional release fail to rise to the level of a constitutional violation.

Moreover, to the extent petitioner is asserting that he is currently unable to participate in MOSOP, such a claim also fails to state a constitutional violation. MOSOP is a rehabilitative program designed for education and therapy for prisoners serving sexual assault sentences. *See State ex rel. Nixon v. Pennoyer*, 39 S.W.3d 521, 523 (Mo.Ct.App.2001); Mo.Rev.Stat.§ 589.040. Participation in this program is discretionary and entirely up to the Missouri Department of Corrections. Mo.Rev.Stat. § 589.040. Although successful participation in the program can result in the assignment of good time credits and ultimately conditional release, such an award is discretionary. *See Spencer v. Hurley*, No. 4:11CV1306 AGF, 2014 WL 2558694, at *8 (June 6, 2014); *Watson v. Clover*, 102 F. Appx. 519 (8th Cir. 2004); *Walter v. Prudden*, No. 4:10CV2191 JCH, 2011WL1979606, at *1-2 (May 20, 2011) (explaining that good time credits merely entitle inmates to consideration of administrative parole; great discretion is awarded to the Missouri Board of Probation and Parole).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979). "[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court

---

criminal matters, and any modification of the conditional term cannot affect the sentence term imposed. *Rentschler v. Nixon*, 311 S.W.3d 783, 788–89 (Mo. banc 2010).

of Appeals for the Eighth Circuit] has held that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions. *Adams v Agniel,* 405 F.3d 643, 645 (8th Cir. 2005). Although a state's parole statutes and regulations may create a liberty interest that is entitled to protection, *Greenholtz,* 442 U.S. at 12; *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995), the Eighth Circuit has determined that Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment. *Marshall*, 57 F.3d at 672; *Green v. Black,* 755 F.2d 687, 688 (8th Cir. 1985). Furthermore, the Missouri parole policy guidelines are not mandatory. *See* 14 Mo. C.S.R. 80-2.020(1) (parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness, offender characteristics, and sentence length; mitigating or aggravating circumstances may warrant decisions outside the guidelines). As such, the Missouri parole guidelines do not create a constitutionally-protected liberty interest such that plaintiff would be entitled to relief in this action. As a result, petitioner has failed to show he was denied a constitutional right by failing to be allowed admission to MOSOP at this time and/or being denied good time credits in the past.

Finally, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus [Doc. #1] is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will be filed herewith.

Dated this 1st  day of June, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE